EQUILEASE COMPANY v. HATHCOCK.

1. TRIAL—DISMISSAL OF ACTION—DILATORY TACTICS—ABUSE OF DISCRETION.

Dismissal of action by court because plaintiff's counsel did not appear at trial *held*, an abuse of discretion where plaintiff's counsel, two days before trial was scheduled, had filed a written request for adjournment setting forth as one ground that he was scheduled to be in a circuit court on the same date, even though plaintiff had once before obtained an adjournment of trial without date, on his motion.

2. COSTS—DILATORY TACTICS.

No costs are awarded to plaintiff who is successful on appeal in having his case reinstated in the trial court after it was dismissed because of plaintiff's attorney's failure to appear at trial, where plaintiff was guilty of dilatory tactics before the trial date.

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Dismissal, Discontinuance and Nonsuit §§ 59, 64, 68.

[2] 5 Am Jur 2d, Appeal and Error §§ 1009, 1013.

Appeal from Common Pleas Court of Detroit, Pernick (Joseph J.), J. Submitted Division 1 June 6, 1968 at Detroit. (Docket No. 4,870.) Decided June 24, 1968.

Action by Equilease Company, division of Eltra Corporation, a foreign corporation, against Boyce Dale Hathcock for money due from defendant on a contract of guarantee. Action dismissed. Plaintiff appeals. Reversed and remanded for reinstatement and trial.

*Leo Papp,* for plaintiff.

*Kramer, Morris, Stark, Rowland & Regan (Frederick B. Bellamy,* of counsel), for defendant.

PER CURIAM. May 1, 1967 action was commenced in common pleas court for the city of Detroit and defendant served thereafter with process. June 20, 1967 default judgment was entered. July 5, 1967 default judgment was set aside on defendant's motion and thereafter the cause was set for trial on August 11, 1967. August 10, 1967 the court granted plaintiff's motion for adjournment of trial without date. November 14, 1967 defendant filed a praecipe setting the matter for trial on November 27, 1967. November 25, 1967 plaintiff's counsel filed a written request for adjournment setting forth as grounds therefor, *inter alia,* that he was scheduled to be in the Oakland county circuit court on November 27, 1967. Without acting on this request and on November 27, 1967, the trial court dismissed the action for plaintiff's nonappearance on trial date. Plaintiff's motions for reinstatement and for rehearing of the motion for reinstatement were denied.

On this record, we believe the trial court abused its discretion in denying plaintiff's motion for reinstatement.

Reversed and remanded for reinstatement and trial, but without costs because of plaintiff's dilatory tactics prior to trial date.

QUINN, P. J., and FITZGERALD and J. H. GILLIS, JJ., concurred.